FILED
CLERK, U.S. DISTRICT COURT

10/7/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>ARMAND ION,<br><br>              Defendant. | SACR  8:22-cr-00145-CJC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A.    INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.    Bank of America was a financial institution insured by the Federal Deposit Insurance Corporation.

2.    A "skimming device" was a device, often small in size, with the capability to record and store data.  Some skimming devices could be installed inside standalone point-of-sale terminals, such as a gas station pump, automated teller machine ("ATM"), or any other machine

1  that accepted access device cards as payment, and were designed to

2  intercept data without the knowledge of the victim cardholder from

3  access devices that were inserted or swiped.  Cameras installed along

4  with a skimming device would capture keypad entries at point-of-sale

5  terminals, including of a victim cardholder's personal identification

6  number ("PIN").

7        3.   Electronic Benefit Transfer ("EBT") cards were debit cards

8  that were preloaded with state public assistance funds.  EBT cards

9  could be used to withdraw cash at ATMs.

10       4.   The information recovered from or transmitted by a skimming

11 device could then be encoded on a counterfeit card, and used alone or

12 in conjunction with another access device, such as a PIN, to incur

13 charges or withdraw funds from a victim cardholder's bank or credit

14 card account without the victim's consent, knowledge, or

15 authorization.

16 B.   OBJECT OF THE CONSPIRACY

17       5.   Beginning on a date unknown to the Grand Jury, but not

18 later than on or about August 4, 2021, and continuing through at

19 least on or about September 8, 2022, in Orange and Ventura Counties,

20 within the Central District of California, and elsewhere, defendant

21 ARMAND ION conspired with others known and unknown to the Grand Jury

22 to commit Bank Fraud, in violation of Title 18, United States Code,

23 Section 1344(2).

24 C.   MANNER AND MEANS OF THE CONSPIRACY

25       6.   The object of the conspiracy was carried out, and was to be

26 carried out, in substance, as follows:

27            a.   Defendant ION and his co-conspirators would install

28 skimming devices and cameras in ATMs to record the account

2

1  information and PINs of victim cardholders who inserted their debit
2  and credit cards into, and entered their PINs at, the ATMs.
3          b.   Co-conspirators would use encoding devices to create
4  counterfeit debit or credit cards bearing those victim customers'
5  account information.
6          c.   Defendant ION would call EBT card phone lines to check
7  balances on EBT cards that did not belong to him.
8          d.   Defendant ION and his co-conspirators would use the
9  counterfeit debit or credit cards they created to check the balance
10 of victim cardholders' accounts at ATMs and also to withdraw funds
11 from the victim cardholders' bank accounts at ATMs.
12 D.   OVERT ACTS
13     7.   On or about the following dates, in furtherance of the
14 conspiracy and to accomplish its object, defendant ION, together with
15 others known and unknown to the Grand Jury, committed the following
16 overt acts, among others, within the Central District of California,
17 and elsewhere:
18     Overt Act No. 1:   On or about August 4, 2021, co-conspirators
19 installed a skimming device on a Bank of America ATM located at 6356
20 Irvine Boulevard, Irvine, California.
21     Overt Act No. 2:   On or about August 4, 2021, defendant ION
22 installed a camera on a Bank of America ATM located at 6356 Irvine
23 Boulevard, Irvine, California.
24     Overt Act No. 3:   On or about September 1, 2021, defendant ION
25 and a co-conspirator attempted to install a skimming device at a Bank
26 of America ATM located at 730 New Los Angeles Avenue, Moorpark,
27 California.
28

Overt Act No. 4:   On or about September 2, 2021, defendant ION used a counterfeit card encoded with victim J.S.'s Bank of America debit card information to make an unauthorized withdrawal of approximately $300 in cash from a Bank of America ATM, located at 3730 S. Bristol Street, Santa Ana, CA.

Overt Act No. 5:   On or about September 2, 2021, defendant ION used a counterfeit card encoded with victim R.A.'s debit card information to check the balance in R.A.'s account without R.A.'s authorization.

Overt Act No. 6:   On or about May 14, 2022, defendant ION and three other co-conspirators installed a skimming device on a point of sale terminal located at 1410 E. Yosemite Avenue, Madera, California.

Overt Act No. 7:   Between July 18 and September 3, 2022, defendant ION made approximately 1,516 calls to the EBT phone lines in eight states to verify the balances on EBT cards that did not belong to him.

Overt Act No. 8:   On or about September 6, 2022, defendant ION and co-conspirators possessed seven skimming devices, a card encoding device, and approximately 30 counterfeit cards encoded with EBT account information.

1

COUNT TWO

2

[18 U.S.C. § 1344(2)]

3   8.   The Grand Jury re-alleges paragraphs 1 through 4, 6, and 7

4   of this Indictment here.

5   A.   SCHEME TO DEFRAUD

6   9.   Beginning on a date unknown to the Grand Jury, but not

7   later than on or about August 4, 2021, and continuing through at

8   least on or about September 8, 2022, in Orange and Ventura Counties,

9   within the Central District of California, and elsewhere, defendant

10  ION, with others known and unknown to the Grand Jury, each aiding and

11  abetting the others, knowingly and with the intent to defraud,

12  devised, participated in, and executed a scheme to obtain moneys,

13  funds, credits, assets, and other property owned by and in the

14  custody and control of Bank of America by means of materially false

15  and fraudulent pretenses, representations, and promises, and the

16  concealment of material facts.

17  10.   The fraudulent scheme was operated and was carried out, in

18  substance, as described in paragraph 6 of this Indictment.

19  B.   EXECUTION OF THE FRAUDULENT SCHEME

20  11.   On or about September 2, 2021, in Orange County, within the

21  Central District of California, defendant ION withdrew $300 from a

22  Bank of America checking account belonging to victim J.S, without

23  J.S.'s knowledge or authorization, which constituted an execution of

24  the fraudulent scheme.

25

26

27

28

COUNT THREE

[18 U.S.C. § 1028A(a)(1)]

12.  On or about September 2, 2021, in Orange County, within the Central District of California, defendant ION knowingly possessed and used, without lawful authority, means of identification that defendant ION knew belonged to another person, namely, the name, account number, and personal identification number, belonging to victim R.A., during and in relation to the offense of Conspiracy to Commit Bank Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

COUNT FOUR

[18 U.S.C. § 1028A(a)(1)]

13.  On or about September 2, 2021, in Orange County, within the Central District of California, defendant ION knowingly possessed and used, without lawful authority, means of identification that defendant ION knew belonged to another person, namely, the name, account number, and personal identification number of victim J.S., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Two of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2.    Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party;

//

//

//

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

DAVID Y. PI
Assistant United States Attorney
General Crimes Section

9